[Civ. No. 18211. Third Dist. May 7, 1980.]

SAM STRAUGHTER et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA, Defendant and Appellant.

**COUNSEL**

Furtado, Jaspovice & Simons and Manuel L. Furtado for Plaintiffs and Appellants.

E. Robert Wallach, David B. Baum and Victoria J. De Goff as Amici Curiae on behalf of Plaintiffs and Appellants.

Richard G. Rypinski, John P. Horgan, Lee Tyler, Robert J. Defea and Kenneth G. Nellis for Defendant and Appellant.

## OPINION

PUGLIA, P. J.—The State of California challenges a trial court judgment holding that it is liable for interest upon money judgments rendered against it pursuant to the California Tort Claims Act. (Gov. Code, § 810 et seq.; all subsequent statutory references are to sections of the Government Code.) We hold the state, like all other parties to litigation, is liable under article XV, section 1, of the California Constitution for interest on tort judgments. With modification, we affirm the judgment of the trial court.

### FACTS

Plaintiffs Sam Straughter, Joe Luque, Darlene Luque, Robert Rose, and Harold Hensley (respondents here) obtained money judgments against the state in three separate and unrelated tort actions involving the California Department of Transportation. The state paid the principal amount of these judgments plus costs but withheld post judgment interest. Plaintiffs then filed the underlying proceeding naming as defendants the state, the Controller and certain employees of the Department of Transportation (hereafter referred to collectively as state) seeking (1) a judicial declaration that the state is liable for post-judgment interest on tort claims and (2) a writ of mandate compelling the appropriate state employees to perform their ministerial duties regarding payment of the interest.

After the state filed an answer, plaintiffs moved for summary judgment and the court granted the motion. The ensuing judgment declares plaintiffs entitled to post judgment interest at the rate of 7 percent per annum. However, relying on section 955.5, the court refused to grant full relief in mandamus and ordered Department of Transportation officials only to prepare and file, without recommendation, a claim with the state Board of Control.

The state filed a timely appeal and plaintiffs filed a cross-appeal from that portion of the judgment limiting the order against the state to the filing of a claim with the Board of Control.

### I

In *Harland v. State of California* (1979) 99 Cal.App.3d 839 [160 Cal.Rptr. 613], a case similar on its facts also involving the Cali-

fornia Department of Transportation, the state asserted that it was not obligated to pay interest on a tort judgment. Responding to the identical contentions raised here, the Court of Appeal (First Dist., Div. One) rejected the state's arguments and held that the state was not excepted by the Tort Claims Act from liability for interest and indeed was so liable under California Constitution, article XV, section 1.

The decision in *Harland* was rendered during the pendency of the instant appeal. Counsel for the state acknowledge that if *Harland* is followed, their appeal must be rejected. We are then invited to renounce the *Harland* holding and adopt an analysis of the issue more felicitous to the position of the state. We decline the invitation simply because we are convinced that the *Harland* decision is well reasoned and sound in its conclusions. Accordingly, the judgment declaring the state's liability for interest must be affirmed.

## II

The judgment of the trial court awarded plaintiffs interest on their judgments "from the date of entry to the date the principal was paid." This disposition accords with the theory of the action pursued by plaintiffs in the trial court and plaintiffs have not appealed from this portion of the judgment. Now for the first time on appeal, plaintiffs assert entitlement to interest on the sums adjudged owed to them. The state resists plaintiffs' initiative relying broadly on principles of estoppel, waiver, and theory of trial. Were we able to reach the merits, the question would at best be attended by considerable doubts and difficulties. We agree with the state, however, that failure of plaintiffs to press their claim in the trial court precludes consideration thereof on appeal. (See generally, 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 284, p. 4272.)

## III

Plaintiffs cross-appeal from that portion of the judgment limiting their relief in mandamus to an order requiring Department of Transportation officers to prepare and file, without recommendation, a claim with the Board of Control. They request the judgment be modified to include an order directing the appropriate state employees to comply with the ministerial duties required of them in the payment of judgments arising from Department of Transportation activities.

Section 955.5 provides in relevant part: "Notwithstanding any other provision of law, including Section 942 of this code, neither the state, nor any of its officers or employees, can be required by any court in any proceeding to pay or offset a tort liability claim, settlement or judgment for which the state is liable unless the Legislature has authorized the payment or offset of a specific tort liability claim, settlement or judgment, or the Director of Finance has certified that a sufficient appropriation for such payment or to provide for the offset exists...." (See also *Westinghouse Electric Co.* v. *Chambers* (1915) 169 Cal. 131 [145 P. 1045]; *California State Employees' Assn.* v. *State of California* (1973) 32 Cal.App.3d 103, 108-109 [108 Cal.Rptr. 60].)

The procedure for determining whether a legislative appropriation exists to pay a tort judgment against the Department of Transportation does not fit within the literal language of section 955.5. For these judgments the Legislature does not make a specific appropriation but budgets each fiscal year a fund for payment of tort judgments arising from the department's activities. Also, the usual procedure whereby the Director of Finance certifies the existence of a sufficient appropriation does not apply to judgments arising from Department of Transportation activities. (§ 965.2.) Instead, fund availability is certified either by the Controller or by the Department of Transportation's accounting officer.

■ We acknowledge, of course, that the judiciary has no authority to compel the appropriation of funds. However, we believe that the determination whether the necessary funds are available, and if so, the appropriate certification to that effect are ministerial duties enforceable by mandate. (*Flora Crane Service, Inc.* v. *Ross* (1964) 61 Cal.2d 199, 204 [37 Cal.Rptr. 425, 390 P.2d 193].)

The dispute over payment of the judgment appears to be a tempest in a teapot inasmuch as the state in its closing brief and at oral argument has given assurances that a final judgment would be paid if funds are available. Accordingly, further proceedings on remand may be obviated by the simple expedient of paying the judgment.

The cause is remanded to the superior court with directions to modify its judgment to compel the responsible officials of the executive branch to comply with their ministerial duties in determining whether appropriated funds exist for the payment of plaintiffs' judgments against the

state, and if so, to make the proper certification thereof. As so modified, the judgment is affirmed.

Blease, J., and Watt, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.