[No. A044645. First Dist., Div. Five. June 22, 1990.]

SAN FRANCISCO UNIFIED SCHOOL DISTRICT, Plaintiff and Appellant, v.
SAN FRANCISCO CLASSROOM TEACHERS ASSOCIATION, CTA/NEA, Defendant and Respondent.

**COUNSEL**

Louise H. Renne, City Attorney, Jonathan V. Holtzman, Special Assistant City Attorney, Jerry J. Spain and Aleeta M. Van Runkle, Deputy City Attorney, for Plaintiff and Appellant.

A. Eugene Huguenin, Jr., Beverly Tucker, Diane Ross and Ramon Romero for Defendant and Respondent.

---

**OPINION**

**KING, J.**—The San Francisco Unified School District (District) appeals from an order requiring it to pay interest on judgments in favor of the San Francisco Classroom Teachers Association (Association).

In *San Francisco Classroom Teachers Assn.* v. *San Francisco Unified School Dist.* (1987) 196 Cal.App.3d 627, 636 [242 Cal.Rptr. 352], we directed the trial court to issue a writ compelling the District to re-place certain teachers on its salary schedule with appropriate backpay and benefits. Pursuant to that writ, the District reclassified 272 teachers and sent them checks for backpay in June 1988. All but eight of the teachers had cashed the checks by August 3, 1988.

On August 29, 1988, the Association filed motions to insert interest on the judgments from the date each was originally entered. After a hearing, the trial court granted the motions at the rate of 10 percent per year.

I.

The District contends that when the teachers cashed their backpay checks they waived the right to postjudgment interest under Civil Code section 3290 which provides, "Accepting payment of the whole principal, as such, waives all claim to interest." ■ In support of construing section 3290 to cover claims to post- as well as prejudgment interest, the District cites the plain-meaning rule (see, e.g., *County of Fresno* v. *Clovis Unified School Dist.* (1988) 204 Cal.App.3d 417, 426-427 [251 Cal.Rptr. 170]) and the rule that, "Whenever possible, effect should be given to the statute as a whole, and to its every word and clause so that no part or provision will become useless or meaningless, since it is presumed that every word and provision was intended to have some meaning and function." (*California Teachers' Assn.* v. *Parlier Unified School Dist.* (1984) 157 Cal.App.3d 174, 179 [204 Cal.Rptr. 20], citation omitted.) ■ In its late-filed reply brief, the District adds that a court engaged in statutory construction cannot create exceptions, contravene plain meaning, insert what is omitted, omit what is inserted, or rewrite the statute. (*Langsam* v. *City of Sausalito* (1987) 190 Cal.App.3d 871, 877 [235 Cal.Rptr. 672]; *Johnston* v. *Department of*

*Personnel Administration* (1987) 191 Cal.App.3d 1218, 1223 [236 Cal.Rptr. 853].)

True enough. ■ But looking no further than the District's own authority, one finds the more relevant rule that, "every statute should be construed with reference to the whole system of law of which it is a part, so that all may be harmonized and have effect." (*County of Fresno* v. *Clovis Unified School Dist., supra,* 204 Cal.App.3d at p. 426, citation omitted.) "In short, the various parts of a statutory enactment must be *harmonized* by considering the particular clause or section in the context of the statutory framework as a whole." (*California Teachers' Assn.* v. *Parlier Unified School Dist., supra,* 157 Cal.App.3d at p. 179, citation omitted, italics in original.)

■ Civil Code section 3290 is part of a statutory scheme originally enacted in 1872 regarding "interest as damages." (Div. 4, pt. 1, tit. 2, ch. 1, art. 2; see generally, *Kawasho Internat., U.S.A., Inc.* v. *Lakewood Pipe Service, Inc.* (1983) 152 Cal.App.3d 785, 794-796 [201 Cal.Rptr. 640], distinguishing "interest as debt" not subject to 3290 waiver.) In context, the statute's plain language makes it applicable to "all claims" to prejudgment "interest as damages." The District cites no authority for extending its application to interest accrued on an unpaid judgment.

Such postjudgment interest is the subject of an entirely different statutory scheme embodied in Code of Civil Procedure sections enacted in 1982 under the rubric "enforcement of judgments" (pt. 2, tit. 9) and containing no waiver provision. "The amount required to satisfy a money judgment is the total amount of the judgment as entered . . . with . . . (b) The addition of interest added to the judgment as it accrues pursuant to Sections 685.010 to 685.030, inclusive." (Code Civ. Proc., § 695.210.) "Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." (Code Civ. Proc., § 685.010, subd. (a).) Unless it is payable in installments, "interest commences to accrue on a money judgment on the date of entry of the judgment." (Code Civ. Proc., § 685.020, subd. (a).) Interest ceases to accrue on the date the judgment is satisfied in full or, as to a part satisfied, on the date that part is satisfied. (Code Civ. Proc., § 685.030, subds. (b) & (c).) Thus, the trial court properly concluded that section 3290 did not apply. No other basis for asserting waiver has been raised here or below.

■■ For the first time at oral argument, the District denied liability under the statutory scheme outlined above based on Government Code section 970.1, subdivision (b), which provides that a judgment against a

local public entity "is not enforceable under Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure but is enforceable under this article after it becomes final."[1]     The Legislature's purpose in enacting subdivision (b) was "to provide that execution and other remedies under the Code of Civil Procedure for enforcement of money judgments do not apply to enforcement of a money judgment against a local public entity. Such a judgment is payable under this article, and a writ of mandate is an appropriate remedy to compel payment." (15 Cal. Law Revision Com. Rep. (Dec. 1980) pp. 1280-1281.) Although there is no indication in the legislative history of any intent to exclude public entities from the statutory scheme governing interest on judgments, that appears to be the effect of the plain language of Government Code section 970.1, subdivision (b).

The Association maintains it is nevertheless entitled to postjudgment interest under article XV, section 1, of the California Constitution, which provides, "The rate of interest upon a judgment rendered in any court of this state shall be set by the Legislature at not more than 10 percent per annum. . . . [¶] In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum."

In response, the District cites *Morris* v. *Department of Real Estate* (1988) 203 Cal.App.3d 1109, 1112 [250 Cal.Rptr. 432], for the proposition that the constitutional provision does not create an entitlement, but merely sets a ceiling on the postjudgment interest rate. This conclusion is directly contrary to that arrived at after lengthy analysis in *Harland* v. *State of California* (1979) 99 Cal.App.3d 839, 842-848 [160 Cal.Rptr. 613], in which the court held that article XV, section 1, mandates postjudgment interest, that public entities are not excluded from the mandate, and that the interest begins to accrue when the judgment is entered. (See also *Straughter* v. *State of California* (1980) 108 Cal.App.3d 412, 414-415 [169 Cal.Rptr. 471].)

The *Morris* court, deciding whether a statutory maximum imposed on payments from the Recovery Account of the Real Estate Fund—"a state-mandated and broker-funded insurance system"—precludes payment of

---

[1] The District's contention raises a pure question of law which may be raised for the first time on appeal and on which we exercise our independent judgment. (*Hale* v. *Morgan* (1978) 22 Cal.3d 388, 394 [149 Cal.Rptr. 375, 584 P.2d 512]; *Herman Feil, Inc.* v. *Design Center of Los Angeles* (1988) 204 Cal.App.3d 1406, 1414 [251 Cal.Rptr. 895].) Although it is improper at oral argument to raise new points not mentioned in the briefs (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 547, p. 535; *Estate of Davis* (1940) 38 Cal.App.2d 579, 587 [101 P.2d 761]; *In re Sixto* (1989) 48 Cal.3d 1247, 1263, fn. 2 [259 Cal.Rptr. 491, 774 P.2d 164]), we allowed the parties to submit further briefing and agreed to consider the issue.

additional sums in postjudgment interest, distinguished *Harland,* in which interest was imposed on a judgment for a wrong committed by the state. (*Morris* v. *Department of Real Estate, supra,* 203 Cal.App.3d at p. 1112.) This case is governed by *Harland* rather than *Morris.* "It appears that the Legislature has not enacted a statute governing the interest rate in a case of this type. Therefore, interest should be calculated at the rate of 7 percent, in accordance with the California Constitution." (*Pacific Coast Medical Enterprises* v. *Department of Benefit Payments* (1983) 140 Cal.App.3d 197, 216 [189 Cal.Rptr. 558].)

## II.

In response to the trial court's query as to whether the matter was submitted, the District requested a statement of decision. The court replied, "It's not my understanding you're entitled to one," later elaborating, "I don't believe that I am making any finding on the merits of the case that would require a statement of decision." The trial court did not err.

■ "Where counsel makes a timely request for a statement of decision upon the trial of a question of fact by the court, that court's failure to prepare such a statement is reversible error." (*Social Service Union, Local 535* v. *County of Monterey* (1989) 208 Cal.App.3d 676, 681 [256 Cal.Rptr. 325].) If, on the other hand, there is no factual dispute, a statement of decision is not required. (*Enterprise Ins. Co.* v. *Mulleague* (1987) 196 Cal.App.3d 528, 540 [241 Cal.Rptr. 846].) "It is elementary that the construction of a statute and the question of whether it is applicable present solely questions of law." (*Dean W. Knight & Sons, Inc.* v. *State of California* ex rel. *Dept. of Transportation* (1984) 155 Cal.App.3d 300, 305 [202 Cal.Rptr. 44], citations omitted.) The District was not entitled to a statement of decision.

The judgment is modified to reflect the 7 percent per annum constitutional rate of interest. In all other respects the judgment is affirmed.

Low, P. J., and Haning, J., concurred.