[No. S043694. Oct. 5, 1995.]

CALIFORNIA FEDERAL SAVINGS AND LOAN ASSOCIATION et al.,
Plaintiffs and Appellants, v.
CITY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Rogers & Wells, Dickson, Carlson & Campillo, Aaron M. Peck, Donald R. Brown and Jennifer L. Sokol for Plaintiffs and Appellants.

James K. Hahn, City Attorney, Thomas C. Bonaventura, Chief Assistant City Attorney, Richard A. Dawson, Assistant City Attorney, and Dion O'Connell, Deputy City Attorney, for Defendant and Respondent.

Rutan & Tucker, Elizabeth Hanna and Hans Van Ligten as Amici Curiae on behalf of Defendant and Respondent.

**OPINION**

**MOSK, J.**—In this case, we address a conflict in the Courts of Appeal on a recurring issue of substantial fiscal significance to California public entities: does interest on a judgment against a local public entity accrue at the postjudgment interest rate of 10 percent per annum prescribed by section 685.010, subdivision (a), of title 9 of part 2 of the Code of Civil Procedure, or at the rate of 7 percent per annum, pursuant to article XV, section 1, of the California Constitution?

We conclude that section 970.1, subdivision (b), of division 3.6 of title 1 of the Government Code, which provides that "[a] judgment . . . is not enforceable under Title 9," exempts local public entities from title 9 of the Code of Civil Procedure. Division 3.6 does not, however, itself set a rate of postjudgment interest for claims against the state or local public entities.

Accordingly, pursuant to article XV, section 1, of the California Constitution, "[i]n the absence of the setting of such rate by the Legislature," the applicable rate of postjudgment interest to be paid by local public entities is 7 percent per annum. The judgment of the Court of Appeal holding otherwise is reversed.

I.

In August 1983 California Federal Savings and Loan Association (California Federal) sought a refund from the City of Los Angeles (the City) of business license taxes and interest, alleging that Revenue and Taxation Code section 23182, as amended, nullified the City's power to levy the business license tax against it.

The trial court ruled that California Federal should recover business taxes paid for the years 1982, 1983, and 1984. It also ordered the City to pay postjudgment interest "as allowed by law until paid," but did not specify the rate of that interest. The City appealed and we ultimately affirmed the judgment. (*California Fed. Savings & Loan Assn.* v. *City of Los Angeles* (1991) 54 Cal.3d 1 [283 Cal.Rptr. 569, 812 P.2d 916].)

Thereafter, the trial court heard a motion regarding the applicable rate of interest. Following *San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn.* (1990) 222 Cal.App.3d 146 [272 Cal.Rptr. 38], it ruled that the judgment against the City would accrue interest at a rate of 7 percent per annum.

The Court of Appeal disagreed, reasoning that although "[u]pon reading Government Code section 970.1, subdivision (b), it might appear that its meaning is clear," the provision is nonetheless "not reasonably free from ambiguity and uncertainty." It concluded that the Government Code refers to and makes inapplicable only the portion of title 9 of the Code of Civil Procedure that contains the "mechanics of enforcing . . . judgment[s]"— i.e., division 2, of which section 695.050, providing for enforcement of money judgments is a part—and not the other divisions of the Code of Civil Procedure, including division 1, of which section 685.010 is a part. Accordingly, the Court of Appeal modified the order awarding postjudgment interest to provide that the judgment shall bear interest at a rate of 10 percent per annum. We granted review.

II.

This case requires us to determine the interaction among Government Code section 970.1, subdivision (b), Code of Civil Procedure section

685.010, subdivision (a), and article XV, section 1 of the California Constitution. A brief chronology of these provisions is as follows.

In 1963, the Legislature added division 3.6 (commencing with section 810) to title 1 of the Government Code. (Stats. 1963, chs. 1681, p. 3266 & 1715, p. 3372.) Known as the Tort Claims Act, it enacted a comprehensive scheme for claims and actions against public entities and public employees.

In 1976, former article XX of the California Constitution, which provided for a 7 percent per annum interest rate on a judgment rendered in any court of the state, was reenacted as part of article XV, section 1, of the Constitution. In 1978, the latter provision was amended to provide: "The rate of interest upon a judgment rendered in any court of this State shall be set by the Legislature at not more than 10 percent per annum. Such rate may be variable and based upon interest rates charged by federal agencies or economic indicators, or both. [¶] In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum." (Cal. Const., art. XV, § 1.)

In 1980, section 970.1, subdivision (b) was added to division 3.6 of the Government Code. It provided: "A judgment is not enforceable under Title 9 (commencing with Section 681) of Part 2 of the Code of Civil Procedure but is enforceable under this article." (Stats. 1980, ch. 215, § 19, p. 453.)

In 1982, section 685.010 was added to division 1 of title 9 (commencing with section 681) of the Code of Civil Procedure. It provided in relevant part that "(a) Interest accrues at the rate of 10 percent per annum on the amount of a judgment remaining unsatisfied." (Stats. 1982, ch. 150, § 3, p. 495.) In the same year, the Legislature repealed title 9 (commencing with section 681) and added title 9 (commencing with section 680.010) of part 2 of the Code of Civil Procedure.[1] The relevant portion of Code of Civil Procedure section 685.010 now provides: "(a) Interest accrues at the rate of 10 percent per annum on the principal amount of a money judgment remaining unsatisfied." (Stats. 1982, ch. 1364, § 2, p. 5080.) At the same time, Government Code section 970.1, subdivision (b), was amended to provide: "A judgment, whether or not final, is not enforceable under Title 9 (commencing with

---

[1]Code of Civil Procedure section 680.010, the initial section of title 9, provides: "This title shall be known and may be cited as the Enforcement of Judgments Law." Title 9 of part 2 of the Code of Civil Procedure contains five divisions: (1) Definitions and General Provisions; (2) Enforcement of Money Judgments; (3) Enforcement of Nonmoney Judgments; (4) Third-Party Claims and Related Procedures; and (5) Satisfaction of Judgment.

Section 680.010) of Part 2 of the Code of Civil Procedure but is enforceable under this article after it becomes final." (Stats. 1982, ch. 497, § 95, p. 2192.)[2]

### III.

The City contends that, as a local public entity, it is exempted under the Government Code from the application of Code of Civil Procedure section 685.010, subdivision (a); it is therefore required to pay postjudgment interest not at the 10 percent per annum prescribed therein, but at the lower constitutional interest rate of 7 percent. (Cal. Const., art. XV, § 1.)

We agree. Government Code section 970.1, subdivision (b), provides that a judgment against a local public entity is "not enforceable under Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure." Given their ordinary meaning, the words of the enactment are neither ambiguous nor uncertain.

The provision plainly and expressly exempts local public entities from the application of title 9 of the Code of Civil Procedure *as a whole*, including therefore section 685.010. Whenever the Legislature refers in a statute to a title (or article, chapter, part, or division), without further specifying a particular section therein, it plainly intends to refer to it in its entirety. In addition, the word "enforce" is defined as to "give effect to"; "enforceable" is defined as "capable of being enforced," i.e., capable of being given effect to. (Webster's New Internat. Dict. (3d ed. 1961) p. 751.) We accordingly understand the phrase "not *enforceable* under Title 9" to mean that a judgment against a local public entity cannot be given effect under the provisions of title 9.

In rejecting the Court of Appeal's conclusion that the language of the statute is ambiguous, we approve a number of recent decisions by other Courts of Appeal that have construed the Government Code as exempting public entities from the 10 percent postjudgment interest rate set by the Code of Civil Procedure. (*San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn., supra,* 222 Cal.App.3d 146, 151 ["plain language" of Government Code section 970.1, subdivision (b), exempts local public entities from 10 percent interest rate of the Code of Civil Procedure];

---

[2]The phrase "this article," refers to article 1 (commencing with section 970) of chapter 2 of part 5 of division 3.6 of title 1 of the Government Code.

*Union Pacific Railroad Co.* v. *State Bd. of Equalization* (1991) 231 Cal.App.3d 983, 1007 [282 Cal.Rptr. 745] ["Government Code section 970.1 . . . provides that Code of Civil Procedure section 685.010 is inapplicable to money judgments . . . ; instead the constitutional rate of 7 percent applies."]; *Scott* v. *County of Los Angeles* (1994) 27 Cal.App.4th 125, 155 [32 Cal.Rptr.2d 643] [". . . Government Code section 970.1, subdivision (b), limits the rate of interest on the County's share of the judgment to 7 percent."]; cf. *Barkley* v. *City of Blue Lake* (1993) 18 Cal.App.4th 1745, 1750 [23 Cal.Rptr.2d 315] ["Title 9 . . . governs the enforcement of judgments against *private* parties."].)

Although the Government Code exempts local public entities from the requirements of the Code of Civil Procedure, it does not itself set a post-judgment interest rate for money judgments against local public entities. "The most logical inference from the fact that the Tort Claims Act as adopted in 1963 made no reference to the liability of *either* state or local governments for interest on judgments is that the Legislature assumed such liability to be constitutionally imposed." (*Harland* v. *State of California* (1979) 99 Cal.App.3d 839, 847 [160 Cal.Rptr. 613].) Accordingly, article XV, section 1, of the California Constitution mandates that such interest be calculated at the rate of 7 percent per annum. (*Ibid.*; *San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn.*, *supra*, 222 Cal.App.3d 146, 151.)

IV.

Plaintiffs raise a series of constitutional and textual arguments to the effect that the interest provisions of the Code of Civil Procedure must govern judgments against local public entities. None is persuasive.

█ At the outset, plaintiffs assert that the Legislature lacks authority to prescribe a different rate of postjudgment interest for local public entities; all judgments should be subject to the same rate of 10 percent, as fixed by the Code of Civil Procedure. The point is without merit. Article XV, section 1, of the California Constitution states that "[t]he rate of interest upon a judgment rendered in any court of this State shall be set by the Legislature *at not more than* 10 percent per annum." (Italics added.) Nothing in the section precludes the Legislature from setting different rates of interest for local public entities, so long as the rates do not exceed 10 percent per annum.

█ Next, plaintiffs argue that a close reading of the Government Code provision supports the Court of Appeal's conclusion that local public entities

are not exempt from the interest rate set by the Code of Civil Procedure. Thus, they contend that in drafting the Government Code to provide that judgments are "not *enforceable* under Title 9" of part 2 of the Code of Civil Procedure, the Legislature intended to refer not to all the divisions of title 9, but only to the division that contains *enforcement* provisions for money judgments, i.e., division 2, and not to division 1, which includes Code of Civil Procedure section 685.010, subdivision (a), setting the interest rate at 10 percent per annum. We reject the argument. The statute is not so narrowly drawn.

In effect, plaintiffs would have us rewrite Government Code section 970.1, subdivision (b), to provide that judgments are "not enforceable *under Division 2* of Title 9 of Part 2 (commencing with *Section 695.010*) of the Code of Civil Procedure." We decline to do so. ■ When, as here, " ' "statutory language is . . . clear and unambiguous there is no need for construction, and courts should not indulge in it." ' " (*DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601 [7 Cal.Rptr.2d 238, 828 P.2d 140].)

Had the Legislature intended to exempt local public entities only from the provisions under Code of Civil Procedure, part 2, title 9, division 2, it could readily have done so. ■ It is our task to construe, not to amend, the statute. "In the construction of a statute . . . the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or omit what has been inserted . . . ." (*Manufacturers Life Ins. Company* v. *Superior Court* (1995) 10 Cal.4th 257, 274 [41 Cal.Rptr.2d 220, 895 P.2d 56].) We may not, under the guise of construction, rewrite the law or give the words an effect different from the plain and direct import of the terms used.

"We must assume that the Legislature knew how to create an exception if it wished to do so . . . ." (*City of Ontario* v. *Superior Court* (1993) 12 Cal.App.4th 894, 902 [16 Cal.Rptr.2d 32].) Indeed, as the City points out, in amending and adding various provisions of the Code of Civil Procedure in 1982, the Legislature included specific references to particular divisions, chapters, and articles of title 9. For example, Code of Civil Procedure section 514.050 referred to "Division 4 (commencing with Section 720.010) of Title 9," and Code of Civil Procedure section 1166a, subdivision (e), was amended to refer to "Division 3 (commencing with Section 712.010) of Title 9 of Part 2." Although it amended Government Code section 970.1 in other respects, the Legislature did not amend that section to refer to specific divisions or chapters of title 9.

Moreover, title 9 *as a whole* is entitled "Enforcement of Judgments." (Code Civ. Proc., § 680.010; see fn. 1, *ante*.) That broad rubric belies plaintiffs' contention that by using the phrase "not enforceable under Title 9" the Legislature was referring only to that portion of title 9 that deals with the procedural mechanisms for enforcing money judgments, i.e., division 2, and not to title 9 in its entirety.

■ Plaintiffs' further argument that postjudgment interest is logically unrelated to "enforcement of judgments" is also unpersuasive.[3] It is evident that the Legislature, in including the interest provision of Code of Civil Procedure section 685.010 within title 9, conceived "enforcement of judgments" as embracing more than the mechanical procedural means—such as liens or writs of attachment—for implementing the collection of money judgments. Under the legislative scheme, postjudgment interest is appropriately included as an element of the enforcement of judgments. As we have elsewhere acknowledged, the judgment rate of interest is a "judicial tool" for enforcing judgments because it reduces the incentive to delay payment. (*Coleman* v. *Gulf Ins. Group* (1986) 41 Cal.3d 782, 797 [226 Cal.Rptr. 90, 718 P.2d 77].) It also serves to adequately compensate plaintiffs. (*Harland* v. *State of California, supra,* 99 Cal.App.3d 839, 847.) It was thus logical for the Legislature to place the provision for postjudgment interest in title 9, which deals generally with enforcement of judgments.

■ Plaintiffs also contend that under the maxim *expressio unius est exclusio alterius* specific references in title 9 of the Code of Civil Procedure to an exemption for local public entities by implication rule out any such exemption under the remaining provisions of title 9. Any other reading, they insist, would also render "mere surplusage" these specific cross-references in title 9 to an exemption for local public entities. It is true, as the Court of Appeal noted, that division 2 of title 9 includes certain cross-references to the exemption for local public entities from the enforcement provisions of the Code of Civil Procedure.[4] These cross-references do not, however, compel the inference, under the doctrine of *expressio unius est exclusio alterius* or any other rule of construction, that section 970.1, subdivision (b),

---

[3]Specifically, plaintiffs urge that the "mere accrual of interest" is "nothing more than a component of damages" and has nothing to do with enforcing a judgment.

[4]Thus, Code of Civil Procedure section 695.050, which is part of division 2, provides: "A money judgment against a public entity is not enforceable *under this division* if the money judgment is subject to Chapter 1 (commencing with Section 965) of, or Article 1 (commencing with Section 970) of Chapter 2 of, Part 5 of Division 3.6 of Title 1 of the Government Code." (Italics added.) Similarly, Code of Civil Procedure section 683.320 provides: "*This chapter* does not apply to a money judgment against a public entity that is subject to Section 965.5 or 970.1 of the Government Code." (Italics added.) By contrast, plaintiffs assert, Code

of the Government Code was intended to apply only to the "mechanics" of enforcing a judgment, to which division 2 pertains. As we have noted elsewhere, the maxim, while helpful in appropriate cases, "is no magical incantation, nor does it refer to an immutable rule. Like all such guidelines, it has many exceptions . . . . More in point here, however, is the principle that such rules shall always ' "be subordinated to the primary rule that the intent shall prevail over the letter." ' " (*Estate of Banerjee* (1978) 21 Cal.3d 527, 539 [147 Cal.Rptr. 157, 580 P.2d 657]; accord, *In re Joseph B.* (1983) 34 Cal.3d 952, 957 [196 Cal.Rptr. 348, 671 P.2d 852]; *Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].) " 'This rule, of course, is inapplicable where its operation would contradict a discernible and contrary legislative intent.' " (*In re Michael G.* (1988) 44 Cal.3d 283, 291 [243 Cal.Rptr. 224, 747 P.2d 1152].) Here the Government Code provision plainly refers to title 9 of the Code of Civil Procedure as a whole, not to any particular division thereof. Its express terms are dispositive. Where the legislative intent appears on the face of the provision, as here, we need not and should not indulge the parties' speculation about what might be inferred from the absence or presence of language in *other* provisions of the Government Code or the Code of Civil Procedure.[5]

■ Finally, plaintiffs point to virtually identical language in Government Code section 965.5, subdivision (b), which refers to enforcement of money judgments against the state and state agencies.[6] They contend that because Government Code sections 970.1 and 965.5 are in pari materia, i.e., relate to the same subject matter, if Government Code section 965.5 does not

of Civil Procedure section 685.010, subdivision (a), which prescribes the interest rate, does *not* expressly refer to an exemption for public entities.

[5]For its part, the City points to other provisions in division 1 of title 9 of the Code of Civil Procedure, in addition to section 685.010, that contain language implying the Legislature's intent to exclude the entirety of division 1 from the enforcement of judgments against public entities. Thus, Code of Civil Procedure section 685.050, subdivision (b), provides that a levying officer shall "Collect the amount of costs and interests entered on the writ" including "the amount of additional interest required to be collected . . . ." (Code Civ. Proc., § 685.050, subd. (b)(1), (2).) The provision is inapplicable to judgments against public entities, because a "writ," as defined under Code of Civil Procedure section 680.380, does not include a writ of mandate, the appropriate method to enforce a money judgment against a public entity. (See Gov. Code, § 970.2.) Not surprisingly, the City, too, invokes the maxim *expressio unius est exclusio alterius.*

[6]Section 965.5, subdivision (b), provides: "A judgment for the payment of money against the state or a state agency is not enforceable under Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure but is enforceable under this chapter." The only differences between Government Code sections 965.5, subdivision (b), and 970.1, subdivision (b), are that the former refers to a judgment "against the state or a state agency" and the latter refers to a judgment against local public entities and provides that such judgment is enforceable "after it becomes final."

make Code of Civil Procedure section 685.010 inapplicable to judgments against the state and state agencies, "it logically and necessarily follows" that Government Code section 970.1 also does not make the postjudgment interest provision inapplicable to judgments against local public agencies.

The argument begs the question. Plaintiffs' sole authority for the proposition that judgments against the state and its agencies accumulate postjudgment interest at a rate of 10 percent per annum is an opinion by the Attorney General and it is unpersuasive. (66 Ops.Cal.Atty.Gen. 217 (1983).) In concluding that the 10 percent postjudgment interest rate under Code of Civil Procedure section 685.010 applies to judgments against the state, the Attorney General did not even purport to address the effect of the language of Government Code section 965.5 now relied on by plaintiffs. Moreover, the opinion was rendered long before, and therefore without the benefit of, the above cited decisions of the Court of Appeal directly in point. (*San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn.*, *supra*, 222 Cal.App.3d 146, 151; *Union Pacific Railroad Co.* v. *State Bd. of Equalization*, *supra*, 231 Cal.App.3d 983, 1007; *Scott* v. *County of Los Angeles*, *supra*, 27 Cal.App.4th 125, 155; cf. *Barkley* v. *City of Blue Lake*, *supra*, 18 Cal.App.4th 1745, 1750.)

In short, plaintiffs have it exactly backwards. If the argument that Government Code sections 965.5 and 970.1 are in pari materia is to be considered at all, it would lead to the conclusion that the plain language of these provisions exempts the state as well as local public entities from the enforcement of title 9, including the interest provision of Code of Civil Procedure section 685.010.[7]

## V.

In conclusion, we find the intention of the Legislature to exclude public entities from the application of title 9 of the Code of Civil Procedure—including the 10 percent per annum postjudgment interest rate of Code of Civil Procedure section 685.010, subdivision (a)—sufficiently clear from the plain language of Government Code section 970.1, subdivision (b). In the

---

[7]An amicus curiae, the legal division of the State Department of Transportation, represents that since the decision in *San Francisco Unified School Dist.* v. *San Francisco Classroom Teachers Assn.*, *supra*, 222 Cal.App.3d 146, the state has in fact been paying interest on tort judgments at the rate of 7 percent, pursuant to article XV, section 1 of the California Constitution, and not at the rate of 10 percent prescribed by section 685.010 of the Code of Civil Procedure.

absence of a legislative provision setting the rate of interest for claims against public entities, the constitutional rate of 7 percent per annum applies.

For the reasons stated, the judgment of the Court of Appeal is reversed insofar as it prescribes postjudgment interest at the rate of 10 percent per annum, and that court is directed to affirm the order of the trial court prescribing such interest at the rate of 7 percent per annum.

Lucas, C. J., Kennard, J., Arabian, J., Baxter, J., George, J., and Werdegar, J., concurred.