[No. B172194. Second Dist., Div. Four. Jan. 5, 2005.]

MARCIA ISRAEL-CURLEY, as Trustee, Plaintiff and Appellant, v. CALIFORNIA FAIR PLAN, Defendant and Respondent.

124

**COUNSEL**

Jeffrey D. Diamond for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Raul L. Martinez and Elise D. Klein for Defendant and Respondent.

## OPINION

**EPSTEIN, P. J.**—In this case we deal with the interplay between an express limitation in Code of Civil Procedure section 340.9 and a release and settlement executed by plaintiff while represented by counsel. (All statutory citations are to the Code of Civil Procedure unless another is indicated.) Subject to specified conditions, the statute lifts the limitations bar on filing lawsuits against insurance carriers based on damages suffered in the Northridge earthquake of 1994. Plaintiff owned property that was damaged in that occurrence. The carrier adjusted and made payments on her claim. She then joined a class of plaintiffs suing the same carrier with respect to its handling of deductibles on earthquake policies it issued. She was represented in that litigation by the attorney for the class. She received $4,400 in settlement of that litigation. While that action was pending, plaintiff came to realize that the damage to her property was greater than had been supposed at the time her original claim was adjusted. She filed a new lawsuit against the carrier on the last day permitted by section 340.9. The trial court agreed with the carrier that plaintiff was not entitled to relief, and she appeals from the judgment that followed the court's grant of the carrier's summary judgment motion.

We conclude that the trial court was correct in its ruling, for plaintiff was unable to overcome obstacles in her pursuit of further recovery from the carrier. The statute expressly excludes cases in which an insured settled a claim arising out of the earthquake while represented by an attorney admitted in California; plaintiff falls within that description. If the benefits of section 340.9 are unavailable to plaintiff, her present lawsuit remains barred by the limitations period applicable to such actions.

## FACTUAL AND PROCEDURAL SUMMARY

Plaintiff owns residential property in Malibu.[1] The property was damaged in the January 17, 1994 earthquake. That disaster and its aftershocks are commonly referred to as the Northridge earthquake. The property was covered by earthquake insurance issued by defendant, the California FAIR Plan Association (Fair Plan). Plaintiff made a prompt claim to Fair Plan with respect to damage to the property. Fair Plan adjusted her claim and, in 1998, paid her $331,396 in three payments.

---

[1] Apparently title to the property is held by the Marcia Israel Living Trust, and the action is brought in the name of the trust and Marcia Israel-Curley. We understand it to be a living trust of which Ms. Israel-Curley is settlor and trustee. For sake of simplicity, we generally refer to these parties simply as "plaintiff" or "appellant."

Later plaintiff learned that the damage to her home was more extensive than reflected in the payments she received. At the same time, she joined a putative class action lawsuit, then pending in the Los Angeles Superior Court. That action is entitled *Klabin v. California Fair Plan,* and is case No. SC045681. It was filed in January 1997, and a March 1997 amendment asserted class claims. The plaintiffs in that case were represented by the California law firm Rosoff, Schiffres & Barta, with H. Steven Schiffres handling the matter. Mr. Schiffres is an attorney at law admitted to practice in California. The theory of the lawsuit was that Fair Plan had mishandled deductibles applicable to earthquake claims, with the result that the amount of indemnities paid to insureds was offset by greater amounts than should have applied.

Ms. Israel, for herself and the trust, signed papers joining plaintiff as a party to the action. It appears that by the time plaintiff joined the *Klabin* lawsuit, the case was either settled or well on the way to becoming settled. In any event, on June 16, 2000, plaintiff (by Marcia Israel) signed a document entitled "Claim Form—California Fair Plan Litigation." The form bore the caption of the *Klabin* action and was accompanied by the settlement agreement which was proposed to resolve the litigation.

Several of the recitals in these documents are central to the present appeal. On the second page, the claim form states (in capital letters) that "by signing this form you agree to the following, in full and complete settlement of any claim you may have against the Fair Plan for taking an excessive deductible (which claim is expressly denied by the Fair Plan)." This is followed by a formula that describes how payments are to be determined. The final paragraph, which appears just before the signature, and also is in capital letters, states:

"I understand that as a condition of payment to me of any sums due hereunder, I release any and all claims I may have against California Fair Plan Association related to the adjustment of my claim for damage caused by the Northridge earthquake."

The settlement agreement provides that "As a condition of receiving any payment hereunder, the declaration to be signed by each Qualifying Settlement Class Member shall contain a written, full, general release of all claims, in the form of Exhibit 'B' hereto." Exhibit B is not included in the materials before us on appeal, but it appears to anticipate the last paragraph in the claim form, just quoted, in which the claimant releases *"any and all claims"* against Fair Plan that are *"related to the adjustment of my claim for damage caused by the Northridge Earthquake."*

The settlement agreement was executed by Mr. Schiffres for the plaintiffs. Fair Plan determined that plaintiff's net entitlement under the settlement was $4,400 and, on November 8, 2000, sent her a check in that amount together with a letter explaining the calculations that led to that number. The check was cashed by Ms. Israel on November 26, 2000.

While plaintiff was aware of further damage to her property, and while the *Klabin* litigation was in the process of being settled, legislation was making its way toward an enactment that resulted in the opening of a window period during which persons whose property was damaged as a result of the Northridge earthquake could file claims and lawsuits even though those remedies already were barred. The legislative vehicle was Senate Bill No. 1899 (1999-2000 Reg. Sess.), enacted in 2000 and operative on January 1, 2001. This measure enacted section 340.9, allowing a one-year further filing period (calendar 2001) for the filing of such lawsuits. The legislative history is summarized and the measure was upheld against claims that it violated the abrogation of contract provisions of the state and federal Constitutions, in *20th Century Ins. Co. v. Superior Court* (2001) 90 Cal.App.4th 1247 [109 Cal.Rptr.2d 611], and *Hellinger v. Farmers Ins. Group, Inc.* (2001) 91 Cal.App.4th 1049 [111 Cal.Rptr.2d 268].

The first paragraph of this statute provides that, notwithstanding other laws or contract, barred claims arising out of the Northridge earthquake are revived and a cause of action for damages may be stated provided the lawsuit is filed within one year after the effective date of the statute (that is, during 2001). The next paragraph specifically removes the limitations bar to such actions, and the third paragraph makes the law inapplicable to actions not time barred on January 1, 2001. It is the final paragraph that is critical here. Subdivision (d)(2) provides:

"(d) This section shall not apply to either of the following: [¶] . . . [¶]

"(2) Any written compromised settlement agreement which has been made between an insurer and its insured where the insured was represented by counsel admitted to the practice of law in California at the time of the settlement, and who signed the agreement." (§ 340.9, subd. (d).)

Plaintiff brought an action under section 340.9 on December 31, 2001, in six causes of action seeking damages for breach of contract, bad faith, fraud and negligence, and injunctive relief. Fair Plan filed its answer in July 2002, denying damages and injury to plaintiff and asserting 19 affirmative defenses, including claims that the action is barred, that section 340.9 does not apply,

and that there had been a settlement and release. Fair Plan filed its motion for summary judgment in June 2003. The motion was opposed, argued, and decided. The court granted the motion, and judgment was entered in October 2003. Plaintiff then filed a timely notice of appeal.

## DISCUSSION

■ Since the issue presented is one of statutory construction, our review of the trial court's decision is de novo. (*Estate of Madison* (1945) 26 Cal.2d 453, 456 [159 P.2d 630].) This is particularly so where, as here, an appellate court considers the proper interpretation and application of a statute. (See *California Teachers Assn. v. San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699 [170 Cal.Rptr. 817, 621 P.2d 856].) In interpreting a statute, if the language is clear and not ambiguous, we are obliged to construe it according to its plain meaning, at least absent an absurd result. (See *California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

■ As we discussed in *Hellinger v. Farmers Group, Inc., supra,* 91 Cal.App.4th 1056, section 340.9 was enacted in response to perceived inequities with respect to losses suffered in the Northridge earthquake. But the Legislature expressly made the relief afforded by that law not applicable to cases that had been compromised by a written settlement agreement between insurer and insured if the latter was represented by counsel admitted to the practice of law in this state. There was such an agreement in this case: the settlement agreement between the class of plaintiffs suing Fair Plan and that entity, to which the plaintiff adhered. That settlement occurred in the context of a lawsuit (the *Klabin* action); it arose in the context of Northridge earthquake litigation; and it resulted in a written agreement signed by counsel for the class, who was, of course, counsel for plaintiff in that action. The attorney for the class, Mr. Schiffres, was plaintiff's attorney in that lawsuit. (See *Cal Pak Delivery, Inc. v. United Parcel Service, Inc.* (1997) 52 Cal.App.4th 1, 11 [60 Cal.Rptr.2d 207].)

■ Plaintiff argues that the judgment should be reversed "because the legal rights granted to Israel under Code of Civil Procedure section 340.9 did not exist at the time of the Class Action Settlement and therefore, under California law, cannot now operate to bar her revived claim and filed action." The conclusion simply does not follow, because it would write subdivision (d)(2) out of the statute. None of the rights afforded by the statute existed before it was enacted and effective. The point of the subdivision is to carve out a small subset from the class otherwise benefited by the new law: those who, while represented by California counsel, settled a claim related to the Northridge earthquake in a written agreement with the insurer. As we have discussed, that formulation describes plaintiff.

Plaintiff argues against that result because the *Klabin* suit was about misapplication of deductibles by Fair Plan, and she did not realize she was settling anything but that when she signed the claim form. There are several problems with this argument.

The first is that, as we have discussed, there *was* a settlement of a dispute between insurer and insured within the contemplation of subdivision (d)(2). Beyond that, while the charge against Fair Plan in the *Klabin* action had to do with the handling of deductibles by Fair Plan, that insurer insisted on a release of "any and all" claims against it arising from the Northridge earthquake. That this near-global settlement was a requisite of the agreement is made clear in the settlement agreement itself, which expressly so provides, and in the capitalized language of the claim form that immediately precedes plaintiff's signature. This language is clear and unambiguous, and does not admit of judicial revision.

Relying on Civil Code section 1542, plaintiff argues that this general release provision does not apply because she did not know or suspect that she had further claims. But she did; it is admitted that, when she adhered to the *Klabin* settlement as a member of the class in that case, she was aware of the further damage to her property. What she did not recognize, apparently, is that the language of the release was not limited to claims about the deductible. That is not within the purview of Civil Code section 1542. The plain language of the agreement makes it clear that the release applied to all claims against Fair Plan arising out of the Northridge earthquake. If plaintiff had any question about the scope of the release she was signing, despite its clear language, she had counsel to advise her on the matter.

Finally, we observe that no claim is made that the normal statutory and contractual limitation periods do not bar the present lawsuit if section 340.9 does not apply. Since we have concluded that it does not, the action was indeed barred.

## DISPOSITION

The judgment is affirmed.

Hastings, J., and Grimes, J., concurred.