Filed 8/26/25 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL D. WASHINGTON,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>COUNTY OF SAN DIEGO,<br><br>    Defendant and Respondent. | G063732<br><br>(Super. Ct. No. 37-2023-00034943)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on August 21, 2025, be modified as follows:

On the caption page delete case number "30-2023-00034943" and insert in its place the following: "37-2023-00034943."

There is no change in the judgment.

DELANEY, ACTING P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.

Filed 8/21/25 (unmodified opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL D. WASHINGTON, Plaintiff and Appellant, v. COUNTY OF SAN DIEGO, Defendant and Respondent. | G063732 (Super. Ct. No. 30-2023-00034943) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Theodore R. Howard, Judge. Affirmed.

Law Office of Michael A. Conger and Michael A. Conger for Plaintiff and Appellant.

Wilson Turner Kosmo, Daniel C. Gunning, and Katherine M. McCray for Defendant and Respondent.

2

This case calls on us to interpret for the first time a provision of the Government Code, unchanged since the late 1940's, which concerns eligibility for election or appointment to the office of the public defender in a county. Plaintiff Michael D. Washington[1] argues the statute is ambiguous and the ambiguity should be resolved in favor of his proffered interpretation for various reasons, including to avoid rendering the statute unconstitutional. Defendant County of San Diego (the County) contends the trial court correctly determined the plain language of the statute controls and requires adopting its interpretation of the statute. Applying well-established principles of statutory interpretation, we conclude the disputed statutory language is unambiguous and the plain meaning compels us to find in the County's favor. Accordingly, we affirm the judgment.

FACTS

The position of San Diego County Public Defender (Public Defender), the head of the San Diego County Public Defender's Office, is an appointed role. In 2023, while a sitting judge of the San Diego County Superior Court, Washington applied to be appointed as the next Public Defender. The County later informed him that he would not be considered for the position because it believed he was ineligible under Government Code section 27701,[2] which provides: "A person is not eligible to the office of public

---

[1] The Honorable Michael D. Washington is a sitting judge of the San Diego County Superior Court. This lawsuit was brought by him in his individual capacity. Consistent with our standard practices, we refer to him by last name throughout this opinion. No disrespect is intended.

[2] All further statutory references are to the Government Code unless indicated otherwise.

3

defender unless he has been a practicing attorney in all of the courts of the State for at least the year preceding the date of his election or appointment."

Believing the County's reading of section 27701 as rendering him ineligible for the appointment was incorrect, Washington filed a declaratory relief action seeking "a judicial determination of the correct interpretation [of] . . . section 27701."[3] The complaint indicated his interpretation of the statute was "that a person is eligible for the office of public defender if he or she has been a practicing attorney in all of the courts of the State for at least one year before the date of his election or appointment," with the one year not needing to be immediately prior to being elected or appointed to the office.

The parties agreed to bring the ultimate question before the court by way of a motion brought by Washington. In his moving papers, Washington argued his interpretation of section 27701 was proper because, inter alia, it avoided an absurd result, it was consistent with case law which requires resolving ambiguities in favor of eligibility to hold public office, and it aligned with provisions of the California Constitution in effect at the time section 27701 was enacted. The County opposed the motion, contending the plain language of the statute should control, its interpretation was supported by statutory and constitutional provisions in effect at the time section 27701 was enacted, and Washington's interpretation would rewrite the statute and lead to absurd results. In reply, Washington added that interpreting the disputed statute to exclude sitting judges from eligibility for the public defender position would render it unconstitutional, a result to be avoided

_____

[3] The case was filed in San Diego County Superior Court, but it was later reassigned to an Orange County Superior Court judge due to the nature of the case and the parties involved.

4

when deciding amongst differing interpretations. So his argument went, the right to hold public office is a fundamental right and the statute could not pass muster under strict scrutiny.

The trial court held a hearing and ultimately agreed with the County's interpretation of the statute: "the Court interprets [section] 27701 as meaning that a person is eligible for the office of Public Defender if that person has been practicing law in the year preceding his/her appointment and that the phrase 'the year preceding' refers to the year right before, or immediately adjacent to, or immediately before, the appointment." It found the statutory language, including the reference to "the year preceding," to be unambiguous, and it declined Washington's invitation to re-write the statute. Although the court found a resort to other tools of statutory interpretation unnecessary, it addressed other matters raised by the parties and concluded their resolution supported its interpretation of the statute.

Washington timely appealed following entry of judgment in the County's favor.

DISCUSSION

Washington contends "[s]ection 27701 should be interpreted to require one year of previous practice to qualify as the public defender," without any qualification that the one year be immediately preceding election or appointment to the office. He claims the trial court erred in concluding otherwise, and it compounded the error by considering unenacted legislation in making its determination. He further argues the trial court erred by not applying strict scrutiny to assess the constitutionality of the statute as interpreted by the court, and engaging in that analysis demonstrates the interpretation renders the statute unconstitutional. For reasons we explain,

5

we need not go further than find the plain meaning of the statute is unambiguous and must govern.

## I.

### PRINCIPLES OF STATUTORY INTERPRETATION AND STANDARD OF REVIEW

Questions of statutory interpretation are subject to de novo review. (*California State University, Fresno Assn., Inc. v. County of Fresno* (2017) 9 Cal.App.5th 250, 265.) "The basic rules for statutory construction are well settled. [¶] '[O]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.] If, however, 'the statutory language may reasonably be given more than one interpretation, ""courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.""""" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.)

## II.

### INTERPRETING SECTION 27701

Unchanged since its adoption in 1947, section 27701 provides: "A person is not eligible to the office of public defender unless he has been a practicing attorney in all of the courts of the State for at least the year preceding the date of his election or appointment." The crux of the parties' dispute concerns the meaning of the latter part of the eligibility requirement which relates to timing. Washington's interpretation is that a person must

6

have been a practicing attorney for at least one year at any point in time before being selected for the public defender role. The County interprets the language to mean the one year must be the year immediately preceding election or appointment.

Focusing on the precise language of the statute, the critical word linked to the one-year requirement is "the." Instead of saying "at least one year preceding" or "at least a year preceding," the Legislature chose the phrase "at least *the* year preceding." (§ 27701, italics added.) "The" is a definite article which "refers to a specific person, place, or thing." (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1396; see also *CD Investment Co. v. California Ins. Guarantee Assn.* (2000) 84 Cal.App.4th 1410, 1421.) It contrasts with the word "a," which is an indefinite article that "signals a general reference." (*Pineda*, at p. 1396; see also *CD Investment Co.*, at p. 1421.) The use of the definite article "the" before "year preceding" in section 27701 indicates a reference to the one year immediately prior to election or appointment. (See *Pineda*, at pp. 1396–1397.)

Contrary to Washington's assertion, this plain meaning interpretation does not require inserting words into the statute. It derives from the statutory language itself. In contrast, Washington's urged interpretation would require changing the statute to replace the definite article "the" with the indefinite article "a." We cannot rewrite the statute under the guise of statutory interpretation. (See Code Civ. Proc., § 1858; *California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349.)

The statutory construction principles articulated in the authorities on which Washington relies do not lead to a different conclusion. In *Lungren v. Davis* (1991) 234 Cal.App.3d 806, faced with interpreting a

constitutional provision related to eligibility of a judge for nonjudicial public employment or public office, the appellate court stated the right to hold public office "'should not be declared prohibited or curtailed except by plain provisions of law. Ambiguities are to be resolved in favor of eligibility to office.'" (*Id.* at p. 830; see also *Gilbert v. Chiang* (2014) 227 Cal.App.4th 537, 544 [quoting *Lungren* and setting forth similar proposition].) But, even assuming arguendo that is an accurate statement of the law, it is of no import here because section 27701 is not ambiguous.

Similarly unavailing are the arguments relating to absurdity. Washington is correct that courts should not follow the plain meaning of a statute if doing so would lead to an absurd result and should avoid mechanically construing words in a manner clearly inconsistent with applicable legislative purpose. (See *California School Employees Assn. v. Governing Board* (1994) 8 Cal.4th 333, 340.) However, we find no absurdity in the plain meaning of section 27701. "[T]he absurdity exception to the plain meaning rule 'should be used most sparingly . . . and only in extreme cases else [courts] violate the separation of powers principle of government.'" (*Switzer v. Wood* (2019) 35 Cal.App.5th 116, 129.) Absurd means "ridiculously unreasonable, unsound, or incongruous." (Merriam-Webster Dict. Online (2025) <https://www.merriam-webster.com/dictionary/absurd, par. 1> [as of Aug. 19, 2025] archived at: < https://perma.cc/99Z4-VBF4 >.) While some may disagree with the wisdom of requiring a person to be a practicing attorney in all courts of the State for, at minimum, the year right before being elected or appointed as public defender, such disagreement does not mean the eligibility requirement is ridiculously unreasonable, unsound, or incongruous. (See *Switzer*, at pp. 129–130 [questioning policy or wisdom does not implicate absurdity].) Notably, Washington does not explain how the plain meaning of

section 27701 itself, as opposed to its application to his particular situation, is absurd.

As for legislative purpose, we agree with the County that the plain meaning interpretation of section 27701 is consistent with the only existing legislative history of the statute shedding light on its meaning. Section 27701, which came into being in 1947, was derived from different uncodified legislation passed roughly 25 years earlier. Specifically, in 1921, when the Legislature created the elected office of the public defender, it adopted eligibility, term, compensation, and other related limitations. (Stats. 1921, ch. 245, pp. 354–355.) Among the provisions were the following: "No person shall be eligible to the office of the public defender who shall not have been a practicing attorney in all of the courts of the state for the period of at least one year next preceding the date of his election." (Stats. 1921, ch. 245. § 1, p. 354.) In 1943, the Legislature amended the uncodified act to also allow for appointment of the public defender, but it left the eligibility requirement unchanged. (Stats. 1943, ch. 636, §§ 1 & 2.) Four years later, the law was amended, in conjunction with a large-scale codification of laws relating to counties. According to the legislative history, the amendments "ma[de] no substantive changes in existing law, but rearrange[d] and restate[d] in simplified language the substance of existing laws, and repeal[ed] obsolete and superseded statutes."[4] Among the laws codified thereby was the

---

[4] On our own motion, and consistent with the trial court's actions, we take judicial notice of the legislative history of section 22701, a copy of which was provided to the trial court and is in the appellate record. (See *Whaley v. Sony Computer Entertainment America, Inc.* (2004) 121 Cal.App.4th 479, 487 & fn. 4 [granting request for judicial notice of legislative history in statutory interpretation context].)

eligibility requirement for the office of the public defender. Placed at section 27701, the prior language was simplified into the language that still exists today. (Stats. 1947, ch. 424, § 1, p. 1175.)

Though the language of the originating legislation is antiquated, case law confirms its meaning. "Year next preceding" means the year before. (See *People ex rel. Budd v. Holden* (1865) 28 Cal. 123, 135 ["days next preceding" election are days right before election]; *Adler v. City of Pasadena* (1964) 229 Cal.App.2d 518, 531 [equating "'year next preceding the date of such retirement'" with "year immediately preceding [the] retirement"].) Thus, the substantively unchanged eligibility requirement is that a person must be a practicing attorney for at least the one year immediately before their appointment or election. There simply is no interpretive reason for deviating from the unambiguous meaning of the statutory language.

For the first time on appeal, Washington asserts two other parts of section 27701 are ambiguous: one, the phrase "practicing attorney"; and, two, the phrase "all of the courts in the State." Neither of these aspects were put at issue by the complaint, and Washington's arguments below implicitly agreed a sitting judge is not a practicing attorney in any court. (See Cal. Const., art. VI, § 17 ["A judge of a court of record may not practice law"].) Notably, the same was true at the time the eligibility requirement came to be. (See *State Bar of California v. Superior Court* (1929) 207 Cal. 323, 335–336.)

With the statutory language unambiguous, we do not reach Washington's constitution related arguments. It is true that a court faced with two reasonable interpretations of a statute, one of which is constitutional and the other of which is not or raises serious doubts about constitutionality, should generally adopt the interpretation that will render

10

the statute valid or free from constitutional doubt if it will not do violence to the statute's reasonable meaning. (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 509.) However, that principle of statutory construction has no import in a situation, such as this one, where the statutory language at issue is not reasonably susceptible to more than one meaning. (See *In re King* (1970) 3 Cal.3d 226, 237 [finding statute "too clear" to construe it to avoid constitutional question]; *California Chamber of Commerce v. State Air Resources Bd.* (2017) 10 Cal.App.5th 604, 631 ["'constitutional doubt canon applies if and only if the statute is "*realistically* susceptible of two interpretations"'"].) And, because Washington did not challenge the constitutionality of the statute in his complaint, we do not address his argument, made for the first time in his reply brief, that the statute is unconstitutional as applied to sitting judges.

In sum, the trial court did not err in determining section 27701 restricts eligibility for the office of public defender to those who have been a practicing attorney in all courts of the State for at least the one year immediately before their election or appointment to the office. Although application of the eligibility requirement in certain circumstances may produce what some might believe is a counterintuitive result, "[t]he separation of powers doctrine requires that we 'limit ourselves to interpreting the law as written and leave for the . . . Legislature the task of revising it as [it might] deem wise.'" (*Brewer Corp. v. Point Center Financial, Inc.* (2014) 223 Cal.App.4th 831, 842.)

DISPOSITION

The judgment is affirmed. Respondent is entitled to its costs on appeal.


DELANEY, ACTING P. J.

WE CONCUR:


GOODING, J.


SCOTT, J.