[No. B154482. Second Dist., Div. Two. Nov. 19, 2002.]

CITY OF PASADENA, Plaintiff and Respondent, v.
AT&T COMMUNICATIONS OF CALIFORNIA, INC., Defendant and
Appellant.

**COUNSEL**

Gustafson & Goostrey, James D. Gustafson, Stephen R. Goostrey; Akin Gump Strauss Hauer & Feld and Edward P. Lazarus for Defendant and Appellant.

Michele Beal Bagneris, City Attorney, and Ann Sherwood Rider, Assistant City Attorney, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.**—This appeal addresses the meaning of the word "remit" in the Pasadena Municipal Code (PMC). We conclude, as a matter of law, that to "remit" a tax payment means to send, transmit, or forward money. A payment is thus remitted when it is deposited in the mail. The trial court defined remit as "receive." We reverse.

## FACTS

The City of Pasadena (the City) is suing AT&T Communications of California, Inc. (the Company), for breach of a services agreement. As a service supplier, the Company is required to collect a utility users tax from its customers. Each month, the Company pays the tax it collects to the City.

The PMC prescribes the timing of the Company's tax payment. The PMC requires that service suppliers remit the utility users tax to the City on or before the 20th day of each month. The City complains that the Company failed to "remit" its payment on time. As a result of the Company's alleged failure to make a timely payment, the City seeks to recover a penalty of 15 percent of the tax collected from June through December 1998.

The City pursued summary judgment, arguing that the Company's tax payments must be received no later than the 20th day of each month. The City emphasized that its deputy director of finance notified the Company by letter in mid-1998 that payments had to be received by the 20th. The letter included a set of administrative policy guidelines developed by the City. One of the guidelines, entitled "Due Date," interprets the PMC to mean that payments must "be received by the 20th" of the month. The Company did not comply with the City's policy guidelines.

The Company responded that the City's policy guidelines are ineffective without an amendment to the PMC. The City's ordinance requires that payment be remitted by the 20th of the month, and the common meaning of remit is "to send." The City has in the past (under the same ordinance) accepted payments that were postmarked on the 20th of the month. Indeed, the City's March and April 1998 invoices indicate that the utility users tax remittance must be "postmarked" by the 20th. The City now claims that the "postmark" language in its own invoices is incorrect.

## THE TRIAL COURT'S RULING

The court granted the City's motion for summary judgment. Applying a "plain meaning rule," the court decided that the word remit "requires the receipt" of the tax on or before the 20th of the month. The City has a policy requiring receipt no later than the 20th, and advised the Company of City policy. Because the Company's payments were not received by the 20th, it is subject to a 15 percent penalty of $146,473.51, plus interest. The City need

not amend its ordinance, due to its policy of telling service suppliers that "remit" means "receive." The court entered judgment for the City.

DISCUSSION

The judgment is appealable. (Code Civ. Proc., § 437c, subd. (*l*).) Review is de novo. (*Regents of University of California v. Superior Court* (1996) 41 Cal.App.4th 1040, 1044 [48 Cal.Rptr.2d 922].) We independently determine the proper interpretation of a municipality's written law. (*Woo v. Superior Court* (2000) 83 Cal.App.4th 967, 974 [100 Cal.Rptr.2d 156].)

The Pasadena City Council establishes tax collection procedures by ordinance, not by informal guidelines. (Pasadena City Charter, § 905.) The City's utility users tax ordinance dictates the timing of a service provider's tax payments. It reads: "Each service supplier shall, on or before the 20th of each month, make a return to the tax administrator, on forms provided by him, stating the amount of taxes billed by the service supplier during the preceding month. At the time the return is filed, the full amount of tax collected shall be *remitted* to the administrator." (PMC, § 4.56.100, italics added.) "Taxes collected from a service user which are not *remitted* to the administrator on or before the due dates provided in this chapter are delinquent," and a penalty of 15 percent of the total tax collected may be imposed. (PMC, § 4.56.110, italics added.)

Resolution of this dispute hinges upon the meaning of the word "remitted" in the PMC. The courts apply a plain meaning rule when interpreting words contained in legislative enactments. (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1003 [111 Cal.Rptr.2d 564, 30 P.3d 57].) When the words are unambiguous, we presume the lawmakers meant what they said. (*Curle v. Superior Court* (2001) 24 Cal.4th 1057, 1063 [103 Cal.Rptr.2d 751, 16 P.3d 166].) " 'Obviously, a statute has no meaning apart from its words. Similarly, its words have no meaning apart from the world in which they are spoken.' " (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114 [86 Cal.Rptr.2d 884, 980 P.2d 433].) The courts may not, under the guise of statutory construction, "rewrite the law or give the words an effect different from the plain and direct import of the terms used." (*California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 349 [45 Cal.Rptr.2d 279, 902 P.2d 297].)

We consulted numerous dictionaries to learn the plain meaning of "remit." (See *In re Marriage of Bonds* (2000) 24 Cal.4th 1, 16 [99

Cal.Rptr.2d 252, 5 P.3d 815] ["Courts frequently consult dictionaries to determine the usual meaning of words."].) Every dictionary defines "remit" as "send."[1] "Remit" is derived from the Latin word *remittere,* meaning "send back," and was first recorded in the English language in the year 1640. (Barnhart Dict. of Etymology, *supra,* p. 909.) Unsurprisingly, the City does not cite to any dictionary that defines "remit" as "receive." After all, "send" and "receive" are antonyms.[2] "An agreement to 'remit' or 'transmit' money *is an agreement to send* and not an agreement to deliver." (*Nicoletti v. Bank of Los Banos* (1923) 190 Cal. 637, 640 [214 P. 51, 27 A.L.R. 1479], italics added.) The Supreme Court added, " 'The definitions of the word "remit" in standard authorities do not involve the idea of delivery.' " (*Ibid.*) Nothing in the standard authorities has changed since 1923. "Remit" still does not mean "deliver" or "receive."

The City relies on its 1998 policy guidelines. The guidelines misrepresent that the utility users tax ordinance says "received" when in fact, the ordinance says "remitted." As noted above, "remit" does not mean "receive." The City cannot issue informal guidelines rewriting the language of its ordinance. Nor can the City succeed by informing the public that the ordinance means the opposite of what it says. If the City has a policy of defining words in the PMC in a way that contradicts accepted English usage, it is not a policy that we intend to encourage.

CONCLUSION

The PMC requires that the utility users tax be "remitted" no later than the 20th of the month. "Remit" means "send." Remit does not mean "receive," the antonym of "send." The City may not rewrite the English language to suit its purposes by giving a 400-year-old word a new meaning. The City's interpretation of its ordinance with a definition unsupported by any English dictionary does not have the force of law. If the City wishes to receive tax

---

[1]"[T]o send money (as in payment)" (Webster's Collegiate Dict. (10th ed. 1995) p. 989); "To send (money); transmit" (American Heritage Dict. (2d college ed. 1982), p. 1045); "To send or pay (remit the money owed). Transmit, forward, dispatch, compensate, disburse, reimburse, tender, render, recompense, settle, liquidate, advance, present, proffer, make good, ship, indemnify, repay." (West's Legal Thesaurus/Dict. (1985) p. 647); "To send or transmit; as to *remit* money." (Black's Law Dict. (6th ed. 1990) p. 1294); "send money to a person or place" (Barnhart Dict. of Etymology (1988) p. 909; "to send . . . 14. To send or transmit (money or articles of value) *to* a person or place." (8 Oxford English Dict. (1933) pp. 429-430); "**Remit** . . . especially in reference to money can mean merely to send . . . but often implies a sending in response to a demand . . . ." (Webster's New Dict. of Synonyms (1973) p. 721.)

[2]"Receive" is listed as an antonym of "send" in the Funk & Wagnalls Standard Handbook of Synonyms, Antonyms & Prepositions (1947) pages 383-384.

payments on the 20th, it can amend the PMC to say so. Until then, taxes remitted by service suppliers are timely, and no late penalty can be assessed, if the payments are postmarked on or before the 20th of the month. The City's lawsuit is meritless.

## DISPOSITION

The judgment is reversed. The trial court is directed to enter judgment in favor of the defendant, AT&T Communications of California, Inc. Costs on appeal are awarded to the defendant.

Nott, J., and Doi Todd, J., concurred.