39 Cal.Rptr.3d 183 (2006)
136 Cal.App.4th 871
Lisa POPE, as City Clerk, etc., et al., Petitioners,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Richard H. Carrigan et al., Real Parties in Interest.
No. B188885.
Court of Appeal, Second District, Division Five.
February 8, 2006.
*184 Jenkins & Hogin, LLP, and Christi Hogin, Manhattan Beach, for Petitioners.
No appearance for Respondent.
Strumwasser & Woocher LLP, Fredric D. Woocher, Michael J. Strumwasser, Santa Monica, and Beverly Grossman Palmer for Real Parties in Interest.
TURNER, J.

I. INTRODUCTION
We hold in this case that a city term limit law referring to an election to a four-year term does not mean appointment or election to a less than four-year term. Defendants, Malibu City Clerk Lisa Pope and the City of Malibu (the city), seek a writ of mandate directing the respondent court to vacate a February 3, 2006 judgment and writ of mandate. The February 3, 2006 judgment and writ of mandate ordered Ms. Pope and the city to not include Councilmember Sharon Barovsky's name on a ballot for reelection to the city council. Because the city's term limit law unambiguously allows Ms. Barovsky to run for reelection to the city council, we grant the petition and direct the respondent court to vacate its judgment and writ of mandate.

II. BACKGROUND
Malibu Ordinance No. 200 added former Chapter 10.5, section 2.10.050 to the Malibu Municipal Code.[1] Former section 2.10.050 is now found in Chapter 2.08, section 2.08.040 of the Malibu Municipal Code. Malibu Municipal Code section 2.08.040 states: "No person shall be elected as a member of the city council for more than *185 two four-year terms ...." (Italics added.) This term limit law was adopted by the city council and subsequently ratified by the voters. (Gov.Code, § 36502, subd. (b)[2].)
Harry Barovsky was elected to the Malibu city council for a four-year term from April 1998 to April 2002. Mr. Barovsky passed away in March 2000. In June 2000, Ms. Barovsky was appointed by the city council to serve as a councilmember in her late husband's place pending a special election. The special election was held in November 2000 and Ms. Barovsky was elected to the remaining 17-month term ending in April 2002. In other words, she was elected to a less than four-year term. Ms. Barovsky was elected to a four-year term in April 2002. She now seeks reelection for a further four-year term, from April 2006 to April 2010.
Four individualsplaintiffs Richard H. Carrigan, Emily Harlow, John Wall, and Sherman Baylinfiled a mandate petition and complaint for declaratory and injunctive relief alleging Ms. Barovsky is ineligible to seek reelection under the city's term limit law. They contend Malibu Municipal Code section 2.08.040 means that a councilmember who is appointed or elected to serve a less than four-year term is only eligible to serve one further four-year term. The respondent court granted the writ petition. On February 6, 2006, Ms. Pope and the city filed a mandate petition with us challenging the order removing Ms. Barovsky from the ballot. (Elections Code, § 13314.) We issued an alternative writ directing the respondent court to vacate its February 3, 2006 order or show cause on February 8, 2006 at 4 p.m. why a peremptory writ should not issue. Oral argument was held on short notice because the ballots for the election are to be printed on Friday, February 10, 2006. (Elec. Code, § 13314, subd. (a)(3); California Rules of Court, rule 23(b).)

III. DISCUSSION
The question before us is the proper construction of the Malibu city council term limit law. This is a legal issue subject to our de novo review. (Burden v. Snowden (1992) 2 Cal.4th 556, 562, 7 Cal. Rptr.2d 531, 828 P.2d 672; Woo v. Superior Court (2000) 83 Cal.App.4th 967, 974, 100 Cal.Rptr.2d 156.) The proper interpretation of a municipality's written law is subject to our independent determination. (City of Pasadena v. AT&T Communications of California, Inc. (2002) 103 Cal. App.4th 981, 984, 127 Cal.Rptr.2d 276; Woo v. Superior Court, supra, 83 Cal. App.4th at p. 974, 100 Cal.Rptr.2d 156.)
We find the meaning of the term limit law must be derived from its clear *186 and unambiguous words without resorting to indicia of the city council's or the voters' intent. It is well established that in determining the meaning of a statute, initiative, or ordinance, we first look to its words. (Curle v. Superior Court (2001) 24 Cal.4th 1057, 1063, 103 Cal.Rptr.2d 751, 16 P.3d 166; Freedom Newspapers, Inc. v. Orange County Employees Retirement System (1993) 6 Cal.4th 821, 826, 25 Cal.Rptr.2d 148, 863 P.2d 218; People v. Jones (1993) 5 Cal.4th 1142, 1146, 22 Cal.Rptr.2d 753, 857 P.2d 1163; Davis v. City of Berkeley (1990) 51 Cal.3d 227, 234, 272 Cal.Rptr. 139, 794 P.2d 897.) Moreover, as the Supreme Court has repeatedly observed, "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) or of the voters (in the case of a provision adopted by the voters). (In re Lance W. (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744]; State Board of Education v. Levit (1959) 52 Cal.2d 441, 462 [343 P.2d 8].)" (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 735, 248 Cal.Rptr. 115, 755 P.2d 299; accord, Torres v. Parkhouse Tire Service, Inc. (2001) 26 Cal.4th 995, 1003, 111 Cal.Rptr.2d 564, 30 P.3d 57; Curle v. Superior Court, supra, 24 Cal.4th at p. 1063, 103 Cal.Rptr.2d 751, 16 P.3d 166; Hunt v. Superior Court (1999) 21 Cal.4th 984, 1000, 90 Cal.Rptr.2d 236, 987 P.2d 705; California Fed. Savings & Loan Assn. v. City of Los Angeles (1995) 11 Cal.4th 342, 349, 45 Cal.Rptr.2d 279, 902 P.2d 297; DaFonte v. Up-Right, Inc. (1992) 2 Cal.4th 593, 601, 7 Cal.Rptr.2d 238, 828 P.2d 140; Delaney v. Superior Court (1990) 50 Cal.3d 785, 798, 268 Cal. Rptr. 753, 789 P.2d 934.) Ambiguous statutory language is that which permits more than one reasonable interpretation. (Torres v. Parkhouse Tire Service, Inc., supra, 26 Cal.4th at p. 1003, 111 Cal.Rptr.2d 564, 30 P.3d 57; Hughes v. Board of Architectural Examiners (1998) 17 Cal.4th 763, 776, 72 Cal.Rptr.2d 624, 952 P.2d 641.) Because, as discussed below, the language of the Malibu city council term limit law is clear and unambiguous, we presume the city council and the voters intended the meaning apparent on its face and our inquiry ends there. (Lesher Communications, Inc. v. City of Walnut Creek (1990) 52 Cal.3d 531, 543, 277 Cal.Rptr. 1, 802 P.2d 317; Woo v. Superior Court, supra, 83 Cal.App.4th at p. 975, 100 Cal.Rptr.2d 156.)
The Supreme Court has also held that the right to serve in a public office is a fundamental right of citizenship that cannot be restricted except by a clear declaration of law, "[T]he right to hold public office, either by election or appointment, is one of the valuable rights of citizenship." (Carter v. Com. on Qualifications, etc. (1939) 14 Cal.2d 179, 182, 93 P.2d 140; accord, Zeilenga v. Nelson (1971) 4 Cal.3d 716, 720, 94 Cal.Rptr. 602, 484 P.2d 578; see People ex rel. Foundation for Taxpayer & Consumer Rights v. Duque (2003) 105 Cal.App.4th 259, 265, 129 Cal.Rptr.2d 298.) Moreover, the Supreme Court has held, "The exercise of this right should not be declared prohibited or curtailed except by plain provisions of law." (Carter v. Com. on Qualifications, etc., supra, 14 Cal.2d at p. 182, 93 P.2d 140; accord, People ex rel. Foundation for Taxpayer & Consumer Rights v. Duque, supra, 105 Cal.App.4th at pp. 265-266, 129 Cal.Rptr.2d 298; Woo v. Superior Court, supra, 83 Cal.App.4th at p. 977, 100 Cal.Rptr.2d 156; Lungren v. Davis (1991) 234 Cal.App.3d 806, 830, 285 Cal.Rptr. 777; Helena Rubenstein Internat. v. Younger (1977) 71 Cal.App.3d 406, 418, 139 Cal.Rptr. 473.) The Court of Appeal has explained: "[T]he right to hold public office ... can be curtailed only if the law clearly so provides (Carter v. Com. on Qualifications, etc.[, supra,] 14 Cal.2d *187 [at p.] 182 [93 P.2d 140]; Helena Rubenstein Internat. v. Younger [, supra,] 71 Cal.App.3d [at p.] 418 [139 Cal.Rptr. 473])." (Woo v. Superior Court, supra, 83 Cal.App.4th at p. 977, 100 Cal.Rptr.2d 156.)
There is nothing ambiguous about Malibu Municipal Code section 2.08.040. Its language permits only one reasonable interpretation. It clearly states, "No person shall be elected as a member of the city council for more than two four-year terms. ..." (Italics added.) As the Supreme Court has observed, "Courts frequently consult dictionaries to determine the usual meaning of words." (In re Marriage of Bonds (2000) 24 Cal.4th 1, 16, 99 Cal.Rptr.2d 252, 5 P.3d 815, citing Romano v. Rockwell Internat., Inc. (1996) 14 Cal.4th 479, 493, 59 Cal.Rptr.2d 20, 926 P.2d 1114; Moyer v. Workmen's Comp. Appeals Bd. (1973) 10 Cal.3d 222, 230-231, 110 Cal.Rptr. 144, 514 P.2d 1224.) According to Merriam-Webster's on-line dictionary, "elect" means "to select by vote for an office, position, or membership." (Merriam-Webster OnLine (Merriam-Webster Incorporated 2005-2006) [as of Feb. 8, 2006].) Dictionary.com is to the same effect, "To select by vote for an office or for membership." (Dictionary.com (Lexico Publishing Group, LLC 2006) [as of Feb. 8, 2006].) According to the Cambridge University Press On-Line Dictionary, "elect" means "to decide on or choose, especially to choose a person for a particular job, by voting." (Cambridge Dictionaries Online (Cambridge University Press 2006) [as of Feb. 8, 2006].) Elected does not mean appointed. Appointed means: chosen officially for a job or responsibility (Cambridge Dictionaries Online, supra, [as of Feb. 8, 2006]); "to name officially" (Merriam-Webster OnLine, supra, [as of Feb. 8, 2006]); or "[t]o select or designate to fill an office or a position" (Dictionary.com, supra, [as of Feb. 8, 2006].) Further, a "four-year term" is a 4-year term, not a 17-month term. The words "four-year term" cannot reasonably be construed to mean less than a four-year term or a term of up to four years' duration.
Ms. Barovsky was appointed by the city council to serve as a councilmember for approximately five months, from June 2000 to November 2000. She was elected to serve a remaining 17-month term, from November 2000 to April 2002, pursuant to a special election. Ms. Barovsky was elected to serve one four-year term, from April 2002 to April 2006. Because she has been elected to date to serve only one four-year term, she is eligible, under Malibu Municipal Code section 2.08.040, for reelection to a second four-year term. Hence, the respondent court's ruling to the contrary, which was premised on voter intent materials, must, with respect, be set aside.

IV. DISPOSITION
Let a peremptory writ of mandate issue directing the respondent court to vacate its February 3, 2006 judgment granting the mandate petition and its February 3, 2006 writ of mandate. The respondent court is to then deny the mandate petition filed by plaintiffs, Richard H. Carrigan, Emily Harlow, John Wall, and Sherman Baylin. To prevent frustration of the relief granted, this decision is final as to this court upon filing. (Cal. Rules of Court, rule *188 24(b)(3).) Defendants, Lisa Pope and the City of Malibu, shall recover their costs incurred in this proceeding jointly and severally from plaintiffs.
I concur: KRIEGLER, J.
MOSK, J., Dissenting.
I respectfully dissent.
I believe the ordinance is ambiguous. It states, "No person shall be elected as a member of the City Council for more than two four-year terms."
The ordinance can be read to prohibit a person from being elected to three four-years termsi.e. one four-year term more than the limit of the number of two four-year terms. On the other hand, the ordinance also can be interpreted reasonably to preclude a person from being elected for anything more than the two four-year termsi.e. the person cannot be elected for a 17-month term and two four-year terms because that would mean being elected for "more than two four-year terms."
"A statute is regarded as ambiguous if it is capable of two constructions, both of which are reasonable." (Hughes v. Board of Architectural Examiners (1998) 17 Cal.4th 763, 776, 72 Cal.Rptr.2d 624, 952 P.2d 641.) Accordingly, "it is appropriate to consider indicia of the voters' intent other than the language of the provision itself." (Kennedy Wholesale, Inc. v. State Bd. Of Equalization (1991) 53 Cal.3d 245, 250, 279 Cal.Rptr. 325, 806 P.2d 1360; see People v. Rizo (2000) 22 Cal.4th 681, 685, 94 Cal.Rptr.2d 375, 996 P.2d 27.) "[O]ur primary purpose is to ascertain and effectuate the intent of the voters who passed the [ordinance]." (In re Littlefield (1993) 5 Cal.4th 122, 130, 19 Cal.Rptr.2d 248, 851 P.2d 42; accord, People v. Briceno (2004) 34 Cal.4th 451, 459, 20 Cal.Rptr.3d 418, 99 P.3d 1007.) "The rule that the ballot pamphlet is an important aid in determining the intent of the voters in adopting a constitutional amendment or statute is too well settled to require extensive citation of authority." (Lungren v. Deukmejian (1988) 45 Cal.3d 727, 740, fn. 14, 248 Cal. Rptr. 115, 755 P.2d 299; see People v. Briceno, supra, 34 Cal.4th at p. 459, 20 Cal.Rptr.3d 418, 99 P.3d 1007.)
Here, the ballot pamphlet demonstrates that the voters' intent was to preclude someone from running for a second four-year term if he or she had, prior to that four-year term, been elected for a term of less than four years. Thus, the Voter Information Pamphlet distributed to the voters in connection with the election provided as follows: "`If this ballot measure is approved by the voters, it will prevent future members of the Malibu City Council from serving more than two terms of office. A term of office under the ordinance that would be enacted by this measure is either a full four year term, or any part of a four year term. [¶] Thus, a person who serves two terms will not be eligible to run for a third term. A council member who is elected or appointed to serve less than four years of a term will only be eligible to serve one other term." (Emphasis added.)
Although there is reference to an appointed member, which is not covered by Real Party In Interest's interpretation, overall, the ballot pamphlet reflects that the ordinance prevents one who has been elected for a partial term and a full four-year term from being elected for another four-year term.
Even if the Council's intent is relevant (see Hodges v. Superior Court (1999) 21 Cal.4th 109, 118, fn. 6, 86 Cal.Rptr.2d 884, 980 P.2d 433; see C-Y Development Co. v. City of Redlands (1982) 137 Cal.App.3d 926, 932, 187 Cal.Rptr. 370 [views of individual drafters not considered]), the material *189 reflecting the Council's deliberations appears inconclusive.
Regardless of the merits of limiting the voters' right to elect a person (see Legislature v. Eu (1991) 54 Cal.3d 492, 542, 286 Cal.Rptr. 283, 816 P.2d 1309 (conc. & dis. opn. of Mosk, J.), I believe we must here follow the voters' intent in enacting the ordinance.
Accordingly, I would affirm the trial court's judgment granting a petition for writ of mandate compelling Respondents to refrain from placing the name of the Real Party In Interest on the ballot as a candidate for reelection to the Malibu City Council at the April 11, 2006, municipal election.
NOTES
[1] Malibu Ordinance No. 200 provided in full: "An Ordinance of the City of Malibu Adding Chapter 10.5 to the Malibu Municipal Code Limiting Terms of Councilmembers. [¶] The City Council of the City of Malibu does hereby ordain as follows: [¶] SECTION 1. A new Chapter 10.5 `Term Limits' is hereby added to the Malibu Municipal Code to read in full as follows: [¶] 2.10.050 Limitation on Terms for Councilmembers. No person shall be elected as a member of the City Council for more than two (2) four-year terms commencing with the general municipal election in April, 2000.[¶] 2.10.051. Severability. If any section, subsection, subdivision, sentence, clause, phrase, or portion of this Ordinance, is for any reason held to be invalid or unconstitutional by the decision of any court [of] competent jurisdiction, such decision shall not affect the validity of the remaining portions of this Ordinance. [¶] SECTION 2. This Ordinance shall not become operative unless it is submitted to the electors [of] the City of Malibu as a proposal at the general municipal election to be held on April 11, 2000 and a majority of the votes cast on the question favor adoption of the proposal. The Ordinance shall become operative ten (10) days after the date that the City Council certifies to its approval by the voters. [¶] SECTION 3. The City Clerk shall certify to the adoption of this Ordinance and cause the same to be posted or published in accordance with applicable State law. The City Clerk is hereby authorized to publish this Ordinance in summary form in accordance with applicable State law. [¶] PASSED, APPROVED and ADOPTED by the People of Malibu this 11th day of April, 2000, by a vote of 2,410 yes and 1,354 no votes. [¶] ATTEST: [¶] [signature] [¶] Virginia J. Bloom, City Clerk."
[2] Subdivision (b) of Government Code section 36502 provides: "Notwithstanding any other provision of law, the city council of a general law or charter city may adopt or the residents of the city may propose, by initiative, a proposal to limit or repeal a limit on the number of terms a member of the city council may serve on the city council, or the number of terms an elected mayor may serve. Any proposal to limit the number of terms a member of the city council may serve on the city council, or the number of terms an elected mayor may serve, shall apply prospectively only and shall not become operative unless it is submitted to the electors of the city at a regularly scheduled election and a majority of the votes cast on the question favor the adoption of the proposal. Notwithstanding the provisions of this subdivision, the provisions of any city charter that, on January 1, 1996, impose limitations on the number of terms a member of the city council may serve on the city council, or the number of terms an elected mayor may serve, shall remain in effect. Unless otherwise prohibited by a city charter, any city charter may be amended pursuant to this section or pursuant to the procedures specified in the charter, to include the limitation authorized in this subdivision."